**LEWIS BRISBOIS BISGAARD & SMITH** LLP
DEREK S. SACHS, SB# 253990
  E-Mail: Derek.Sachs@lewisbrisbois.com
ELAINE M. McCORMICK, SB# 340044
  E-Mail: Elaine.McCormick@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendant Cambridge Real
Estate Services, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO ANDRES CRUZ, | Case No.:  TBD |
| Plaintiff, | Superior Court Case No. C22-01788 |
| vs. | **DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION** |
| CAMBRIDGE REAL ESTATE SERVICES, INC. DBA CAMBRIDGE RES, INC., and DOES 1-50, inclusive, | |
| Defendant. | Action Filed:     August 25, 2022<br>Trial Date:       None Set |

PLEASE TAKE NOTICE that Defendant Cambridge Real Estate Services, Inc.

("Defendant"), hereby removes the above-captioned action from the Superior Court of the State of

California, for the County of Contra Costa, to the United States District Court for the Northern

District of California under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  In support of this Notice of

Removal, Defendant states as follows:

1.      Removal is proper in this case because this Notice of Removal demonstrates that all

requirements for removal under 28 U.S.C. §§ 1332(d) and 1453) pursuant to the Class Action

Fairness Act ("CAFA") are met.

2.      On August 25, 2022, Plaintiff Julio Andres Cruz ("Plaintiff") commenced this

putative class action against Defendant by filing a Class Action Complaint ("Complaint") in the

Superior Court of the State of California, for the County of Contra Costa, bearing the case number

C22-01788.  The Complaint alleges seven causes of action for: (1) Failure to Pay All Wages, Including Minimum Wages; (2) Failure to Provide Rest Periods; (3) Failure to Provide Meal Periods; (4) Failure to Timely Pay Wages at Separation; (5) Failure to Keep Accurate Payroll Records; (6) Failure to Reimburse Employees for Necessary Business Expenditures; and (7) Unfair Business Practices.

3.      Plaintiff first served the Complaint on Defendant Cambridge Real Estate Services, Inc.'s agent for service of process CSC, on September 14, 2022.  Declaration of Angela Cooper ("Cooper Decl."), ¶ 3.  Accordingly, this Notice of Removal is timely filed within thirty days of service of process.  28 U.S.C. § 1446.

4.      The Superior Court of the State of California, County of Contra Costa, is located within the Northern District of California.  Thus, venue is proper under 28 U.S.C. section 84(a) because this is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

5.      No previous application has been made for the relief requested herein.

6.      Pursuant to 28 U.S.C. section 1446(a), all process, pleadings, and orders that have been filed, served, or received by Defendant in this action are attached hereto.  Specifically:

a.      A true and correct copy of the Complaint, filed August 25, 2022 is attached hereto as Exhibit 1.

b.      True and correct copies of the Summons and other notices served therewith are attached hereto as Exhibit 2.

c.      True and correct copy of the Notice of Service of Process indicating service on CSC on September 14, 2022 is attached hereto as Exhibit 3.

7.      A true and correct copy of this Notice of Removal will be served upon all parties and filed with the Clerk of the Superior Court of the State of California, County of Contra Costa, in accordance with 28 U.S.C. section 1446(d).

///
///
///

# I.    REMOVAL IS PROPER DUE TO THE JURISDICTION CONFERRED UNDER THE CLASS ACTION FAIRNESS ACT.

8.    This case is subject to removal under the CAFA of 2005.  Pub. L. No. 109-2, 119 Stat. 4.  28 U.S.C. §§ 1332(d) and 1453.

9.    CAFA grants federal district courts jurisdiction over civil class action lawsuits in which any plaintiff is a citizen of a state different from any defendant, and where the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.  28 U.S.C. § 1332(d).

10.    Under CAFA jurisdiction, unlike other diversity jurisdiction cases, "no antiremoval presumption attends cases invoking CAFA."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

11.    Plaintiff purports to bring this suit on behalf of non-exempt, hourly-paid current and former employees of Defendant within the State of California.  Complaint at ¶ 32.  This class case, brought under California *Code of Civil Procedure* section 382, is a statute similar to a class action as defined in Rule 23 of the Federal Rules of Civil Procedure.  28 U.S.C. § 1332(d)(1)(B).

12.    Specifically, this Court has jurisdiction over this case under CAFA because it is a civil putative class action wherein: (1) there are 100 or more members in Plaintiff's proposed class; (2) Defendant is not a state, state official, or other governmental entity; (3) there is minimal diversity between at least one member and one defendant; and (4) the aggregate amount in controversy exceeds $5,000,000.00.  Thus, this Court has subject matter jurisdiction over this action under 28 U.S.C. sections 1332(d) and 1453(b).

## A.    The Putative Class Size Consists of More than 100 Members.

13.    The aggregate number of class members in Plaintiff's proposed class of California hourly paid, non-exempt employees employed from August 25, 2018 to the present is approximately 161.  Cooper Decl. ¶ 9.  This is greater than the requisite 100 members required under 28 U.S.C. section 1332(d)(5)(B).

## B.    The Defendant is Not a Government Entity.

14.    Defendant is not a state, state official, or any other government entity.  Cooper Decl., ¶ 4.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4884-5190-6103.1                                  3                                  Case No.
DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION

**C.**    **There is Minimal Diversity of Citizenship Between The Parties.**

15.    At least one member of the proposed class is a citizen of a state different from Defendant.  28 U.S.C. § 1332(d)(2)(A).

16.    For purposes of diversity, a natural person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place they reside with the intention to remain or to which they intend to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

17.    According to the Complaint, Plaintiff Julio Andres Cruz is a resident of the State of California and worked and earned wages from Defendant in California from January 23, 2019 to August 25, 2021.  Complaint ¶ 9.  This allegation establishes that he is a citizen of the State of California.  *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency can create a rebuttable presumption of domicile supporting diversity of citizenship).

18.    Likewise, the members of the proposed class are Defendant's current and former employees within the State of California.  Complaint ¶ 32.

19.    For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."  28 USC § 1332(c)(1).  When determining a corporation's principal place of business for purposes of diversity jurisdiction, courts refer to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).  A corporation's principal place of business is where the corporation "maintains its headquarters-provided that the headquarters is the actual center of direction, control and coordination."  *Id.* (*Garcia v. Wal-Mart Stores* (C.D.Cal. Oct. 14, 2016, No. CV 16-01645-BRO (RAO)) 2016 U.S.Dist.LEXIS 142807, at *11-12.)

20.    Defendant Cambridge Real Estate Service, Inc., a corporation, is a citizen of the state where its principal place of business is located and the state under whose law it is organized.  28 U.S.C. § 1332(d)(10).  Defendant Cambridge Real Estate Services is the legal employer of all employees at the Cambridge Communities in California.  Cooper Decl., ¶ 5.  Defendant

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Cambridge Real Estate Services is a corporation formed under the laws of the State of Oregon.

2   Cooper Decl., ¶ 5.  At all relevant times, its principal place of business and corporate headquarter

3   is located in Portland, Oregon.  Cooper Decl., ¶ 5.  As such, Defendant Cambridge Real Estate

4   Services is a citizen of the State of Oregon.

5       21.    The diversity requirements of CAFA require only that the citizen of any member of

6   the class be diverse from any defendant.  Here, because the named Plaintiff is a California citizen

7   and because Defendant is a citizen of Oregon, the "minimal diversity" requirement under CAFA is

8   satisfied.  28 U.S.C. § 1332(d)(2)(A).

9       **D.    The Amount in Controversy Requirement Is Satisfied.**

10      22.    To remove a case under CAFA, "a defendant's notice of removal need include only

11  a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*

12  *Cherokee Basin Operating Co*., LLC, 574 U.S. at 89.  In determining the amount in controversy,

13  courts may consider "evidence outside the complaint, including affidavits or declarations, or other

14  summary judgment type evidence relevant to the amount in controversy" at the time of removal.

15  *Ibarra v. Manheim Invs., Inc*., 775 F. 3d 1193, 1997 (9th Cir. 2015) (internal quotations omitted).

16  The "amount in controversy is simply an estimate of the total amount in dispute, not a prospective

17  assessment of defendant's liability." *Lewis v. Verizon Communications, Inc*., 627 F. 3d 395, 400

18  (9th Cir. 2010).

19      23.    Defendant disputes that this class could ever be certified, and Defendant disputes

20  that it is liable for any of Plaintiff's claims asserted in the Complaint.  Nevertheless, the aggregate

21  amount in controversy, exclusive of interests and costs, exceeds $5,000,000.00.  28 U.S.C. §

22  1332(d)(2), (6).  Although Plaintiff does not plead a specific amount of damages, Defendant can

23  demonstrate that the aggregate amount in controversy exceeds $5,000,000.00.  *See Dart Cherokee*

24  *Basin Operating Co., LLC*, 574 U.S. at 84 ("When the plaintiff's complaint does not state the

25  amount in controversy, the defendant's notice of removal may do so.").

26      24.    Plaintiff alleges that Defendant failed to pay Plaintiff and the putative class

27  members for all hours worked, including minimum and overtime wages.  Plaintiff additionally

28  alleges that Defendant failed to provide Plaintiff and the putative class with meal and rest periods.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Plaintiff further alleges that Defendant is liable for its failure to timely pay wages during

2    employment, failure to provide accurate wage statements, waiting time penalties, unreimbursed

3    business expenses, and for unlawful and unfair business practices.

4          25.    Plaintiff seeks the following relief on behalf of himself and the putative class:

5                 a.    Compensatory damages for unpaid minimum and overtime wages;

6                 b.    Damages for unpaid meal and rest period premiums;

7                 c.    Penalties for inaccurate wage statements;

8                 d.    Penalties for failure to timely pay wages during employment;

9                 e.    Waiting time penalties;

10                f.    Unreimbursed business expenses;

11                g.    Restitution under *Business and Professions Code* section 17200;

12                h.    Reasonable attorneys' fees.

13         26.    Defendant's notice of removal "need not contain evidentiary submissions." *Id*. at

14   84.  In showing the amount in controversy, Defendant "may rely on reasonable assumptions."

15   *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019).  The amount in controversy is "simply

16   an estimate of the total amount in dispute . . . . [and] [i]n that sense, the amount in controversy

17   reflects the maximum recovery [a] plaintiff could reasonably recover" on a complaint at the time

18   of removal.  *Id*. at p. 927.  Moreover, "[a]n assertion that the amount in controversy exceeds the

19   jurisdictional threshold is not defeated merely because it is equally possible that the damages

20   might be less than the requisite amount."  *Id*. (quotation marks omitted).

21         27.    It is permissible for Defendant, when the Complaint does not provide clear

22   indications of the amount in controversy, to rely on putative class members' employee data and

23   reasonably assumed violation rates based upon the Complaint when determining the amount in

24   controversy.  *See Id*.  Defendant may rely on "a chain of reasoning that includes assumptions."

25   *Ibarra v. Manheim Invs., Inc*., 775 F.3d at 1199.  Defendant does not need to "provide evidence

26   proving the assumptions correct."  *Arias*, 936 F.3d at 927.  Instead, "assumptions made part of the

27   defendant's chain of reasoning need not be proven; they instead must only have 'some reasonable

28   ground underlying them.'"  *Id*. (citation omitted).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**E.** **Failure to Provide Meal and Rest Periods.**

28.     California *Labor Code* section 512, subdivision (a) provides that employers must provide meal periods, generally, for employees who work more than five hours per day, and that the meal period must be an uninterrupted 30 minutes where the employee is free from all duties. The California Wage Orders generally provide that employers shall offer a ten minute, uninterrupted rest period per four hours of work, or a major fraction thereof. *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004, 1028-29 (2012). *Labor Code* section 226.7 provides that employers who fail to provide a meal or rest period are subject to a premium payment of one hour's wages to the employee.

29.     Plaintiff asserts that the meal and rest period class consists of all of Defendant's hourly paid, non-exempt California employees employed at any time within "the four (4) years prior to the filing of the Class Action Complaint to the present . . .."  Complaint, ¶ 32(b).

30.     With respect to Plaintiff's meal periods claim, the Complaint alleges that "Defendant consistently interrupted Plaintiff and the Plaintiff Class's meal period with its bell systems that rang before the full 30-minute meal period was completed."  Complaint, ¶ 20.  The Complaint further provides that "Defendant routinely denied Plaintiff and Plaintiff Class a full, thirty (30) minute off-duty meal period when they worked in excess of six (6) hours with the first five (5) hours of their shifts."  *Id*.  Finally, the Complaint alleges "neither Plaintiff nor the Plaintiff Class waived their lawful meal period or received compensation from Defendant for their missed meal periods."  *Id*.

31.     With respect to Plaintiff's rest periods claim, the Complaint alleges that "Defendant prevented Plaintiff and Plaintiff Class from taking their full rest breaks throughout their shifts due to the bell system that rang before the end of Plaintiff and Plaintiff Class's rest period."  Complaint, ¶ 21.

32.     Based on the allegations that Defendant "consistently," "routinely," and "prevented" Plaintiff and the Plaintiff Class from receiving compliant meal and rest periods, Defendant reasonably assumes one meal period violation per day and one rest period violation per day. *See Elizarraz v. United Rentals, Inc.*, 2019 U.S. Dist. LEXIS 62065, No. 2:18-CV-09533-

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4884-5190-6103.1                7                Case No.
DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION

1  ODW(JC),  at *3-4 (C.D. Cal. Apr. 9, 2019) (finding violation rates of 50% for meal period claims

2  reasonable in light of pattern and practice allegations); *Avila v. Kiewit Corp.*, 789 Fed.Appx. 32,

3  33-34 (9th Cir. 2019), (holding that words such as "frequently" or "regularly, but not always" can

4  support an inference that 100% of employees received at least one violation.).

5      33.    From August 25, 2018 through the present, Defendant employed approximately

6  161 employees who worked approximately 3,132 workweeks.  Cooper Decl., ¶ 9.

7      34.    Utilizing a violation rate of one meal and one rest period per day, each employee's

8  current or final rate of pay—the premium payment—is multiplied by the number of workweeks

9  that the employee worked within the statutory period.  Summing this data for each employee

10  reveals the amount in controversy for the meal period claim is at least approximately

11  $2,164,503.29, and the amount in controversy for the rest period claim is at least approximately

12  $2,164,503.29.

13      **F.    Wage Statement Violations.**

14      35.    California *Labor Code* section 226(a) requires that nine categories of information

15  be included on each pay stub, including: (1) gross wages earned; (2) total hours worked by each

16  employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee

17  is paid on a piece-rate basis; (4) all deductions; (5) net wages earned; (6) the inclusive dates of the

18  period for which the employee is being paid; (7) the employee's name and identification number

19  or the last four digits of the employee's social security number; (8) the name and address of the

20  legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period

21  and the corresponding number of hours worked at each hourly rate by the employee.  If there is a

22  violation, the damages are governed by *Labor Code* section 226(e), which provides that "[a]n

23  employee suffering injury as a result of a knowing and intentional failure by an employer to

24  comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars

25  ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per

26  employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four

27  thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees."

28  ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4884-5190-6103.1                                    8                                         Case No.
DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION

36.    *Labor Code* section 226(e) claims for statutory penalties have a one-year statute of limitations.  *See* Code Civ. Proc. § 340(a).  Thus, the applicable statute of limitations for this claim is from August 25, 2021 to present.

37.    Plaintiff asserts in the Complaint that "Defendant failed to institute policies and procedures that ensured accurate recording of all hours Plaintiff and Plaintiff Class worked during the class period."  Complaint ¶ 22(e).  The Complaint further provides that "Defendant has failed to comply with Labor Code section 226, subdivision (a) by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by Plaintiff and the Plaintiff Class.  Plaintiff and Plaintiff Class are therefore entitled to penalties not to exceed four thousand dollars ($4,000) for each employee pursuant to Labor Code section 226, subdivision (b)."  Complaint ¶ 29.

38.    Due to the language in the Complaint alleging that Defendant maintained a policy and practice of committing wage statement violations, Defendant assumed a 100% violation rate for purposes of estimating damages.

39.    There are approximately 104 non-exempt employees employed from August 25, 2021 to present.  Cooper Decl., ¶ 10.  In that same time period, the total number of pay periods for all class members is approximately 2,006.  Cooper Decl., ¶ 10.  The amount in controversy is calculated by multiplying the number of initial pay periods for each employee by the penalty rate, $50 and adding the remaining 1,902 pay periods multiplied by $100.  No individual employee's penalty exceeded $4,000 in this calculation.  This results in approximately $195,400.00 ($50.00 x 104 + $100 x 1,902) in penalties for the *Labor Code* section 226 wage statement claim.

**G.    Waiting Time Penalties.**

40.    California *Labor Code* sections 201 and 202 require that employees be paid all wages owed to them upon their termination from employment.  *Labor Code* section 203 provides for waiting time penalties if an employer willfully violates these provisions.  The penalties are assessed at an amount equal to the employee's daily wages for each day the wages remain unpaid, up to thirty days' wages.  Cal. Lab. Code § 203.

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

41.     The waiting time penalties class consists of all of Defendant's hourly paid, non-exempt California employees employed within three years preceding the filing of the Complaint.

42.     Plaintiff alleges in the Complaint that "[w]ith respect to the Plaintiff Class who either were discharged, laid off, or resigned, Defendant failed to pay them in accordance with the requirements of Labor Code section 201, 2020, and 203."  Complaint ¶ 22(d).

43.     The number of non-exempt employees terminated or that resigned between August 25, 2019 through the present is approximately 78.  Cooper Decl., ¶ 11.  The average hourly rate for these former employees is approximately $21.07 per hour.  Cooper Decl., ¶ 11.

44.     Based upon Plaintiff's assertion that Defendant "failed" to pay all wages upon termination, Defendant assumed a 100% violation rate for the waiting time penalties.  *See Kastler v. Oh My Green*, 2019 U.S. Dist. LEXIS 185484, No. 19-cv-02411-HSG, at p. *15-16 (a 100% violation rate is reasonable when based upon an unpaid wages claim because it assumes that every putative class member incurred damages for at least one other claim in the complaint).

45.     Based on this violation rate, within the Employee Data, each employee's final hourly rate of pay was multiplied by eight hours to achieve their daily rate, then multiplied by 30 days.  Summing this data for each employee reveals the amount in controversy for this claim to be approximately $394,496.88.

**H.     Unpaid Wages.**

46.     California *Labor Code* section 510(a) provides: "Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

47.     The unpaid wages class consists of all of Defendant's hourly paid, non-exempt California employees employed within four years preceding the filing of the Complaint.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

48.    Plaintiff alleges in the Complaint that "Defendant had a consistent policy of not paying Plaintiff and Plaintiff Class for all hours worked."  Complaint ¶ 22(a).  The Complaint further provides that "Employer failed to pay its employees minimum wage for all hours worked and required aggrieved employees to work in excess of eight (8) hours in a day or forty (40) hours in a week.  Defendant's uniform policy resulted in failure to pay overtime and/or minimum wage for all worked performed by Plaintiff and Plaintiff Class."  Complaint ¶ 18.

49.    From August 25, 2018 through the present, Plaintiff employed approximately 161 employees who worked approximately 3,132 workweeks.  Cooper Decl., ¶ 9.

50.    Based upon Plaintiff's assertion that Defendant "had a consistent policy" and "failed" to pay for all hours worked, Defendant assumed one (1) hour of unpaid time per week per employee.  *See Kastler v. Oh My Green*, 2019 U.S. Dist. LEXIS 185484, No. 19-cv-02411-HSG, at p. *15-16 (a 100% violation rate is reasonable when based upon an unpaid wages claim because it assumes that every putative class member incurred damages for at least one other claim in the complaint).  *See also Trigueros v. Stanford Fed. Credit Union* (N.D.Cal. June 28, 2021, No. 21-cv-01079-BLF) 2021 U.S.Dist.LEXIS 120271, at *16-17 *citing Chavez v. Pratt (Robert Mann Packaging), LLC* (N.D.Cal. Apr. 5, 2019, No. 19-cv-00719-NC) 2019 U.S.Dist.LEXIS 59399 at *3-4  (*Chavez* included a general allegation that, "by failing to pay minimum wage, overtime wages, and meal and rest break premiums, [the defendant] had a 'pattern and practice' of failing to pay class members 'the wages owed to them upon discharge or resignation…Despite the plaintiff's objections, the court held that, "[b]y tying the unpaid final wage claim to his other claims, [the plaintiff] makes [the defendant's] assumption of 100% violation for unpaid wages reasonable—that is, if every putative class member incurred damages for at least one other claim in the complaint, every class member who departed [the defendant] during the statutory period was due unpaid wages.")  *See also Ramirez v. Cornerstone Bldg. Brands* (E.D.Cal. Apr. 4, 2022, No. 2:21-cv-01017-MCE-JDP) 2022 U.S.Dist.LEXIS 63673, at *11 (Given the fact that Plaintiffs did not quantify the amount of overtime in addition to the regular pay calculations they may be owed, courts have found that overtime rates of one hour per week are in order for the purposes of evaluating CAFA's amount in controversy requirement.")

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

51.     Based on one (1) hour of unpaid time per week, within the Employee Data, each employee's final hourly rate of pay was multiplied by the number of workweeks worked by the employee.  Summing this data for each employee reveals the amount in controversy for this claim to be approximately $432,900.66.

## I.     Unreimbursed Business Expenses.

52.     California *Labor Code* section 2802(a) states that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.  Like unpaid minimum wages, overtime wages, and premium wages, business expenses are recoverable as restitution under California *Business & Professions Code* section 17200.  *See Espejo v. The Copley Press, Inc*., 13 Cal.App.5th 329, 367 (2017) (*citing Cortez v. Purolater Air Filtration Products Co*., 23 Cal.4th 163 (2000)); *see also Harris v. Best Buy Stores, L.P*., 2016 WL 4073327, at *10 (N.D. Cal. 2016).

53.     The unreimbursed business expenses class consists of all of Defendant's hourly paid, non-exempt California employees employed within four years preceding the filing of the Complaint.

54.     Plaintiff alleges in the Complaint that "Defendant instituted policies and procedures that offset the necessary costs of doing business on its employees.  Plaintiff and Plaintiff Class were required to wash and maintain uniforms with Defendant's logo, use their personal cell phones, and us their personal vehicles.  Defendant failed to reimburse Plaintiff and Plaintiff's Class for the cost of washing and maintaining Defendant's requirement uniform, cell phone use, and use of their vehicle.  Defendant required Plaintiff and Plaintiff class to take on the burden of these expenses without reimbursement in violation of Labor Code section 2802."  Complaint ¶ 22(f).

55.     The number of non-exempt employees between August 25, 2018 through the present is approximately 161.  Cooper Decl. ¶ 9.

56.     Based upon Plaintiff's assertion that Defendant "failed" to reimburse business expenditures, Defendant assumed a $20.00 per month just for cell phone usage.  *See Kastler v. Oh My Green*, 2019 U.S. Dist. LEXIS 185484, No. 19-cv-02411-HSG, at p. *15-16 (a 100% violation

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

rate is reasonable when based upon an unpaid wages claim because it assumes that every putative class member incurred damages for at least one other claim in the complaint). *See also Anderson v. Starbucks Corp.* (N.D.Cal. 2020) 556 F. Supp. 3d 1132  (Defendant established its amount in controversy based on a reasonable low-end estimate for monthly cell phone fee of $50 in its notice of removal.)

57.    Based on a $20.00 per month cell phone reimbursement, this amount was multiplied by the total months worked during the class period.  From August 25, 2018 to the present, the putative class worked approximately 3,581 months.  Summing this data for each employee reveals the amount in controversy for this claim to be approximately $71,620.00.

**J.    Attorneys' Fees.**

58.    For CAFA cases, "attorneys' fees awarded under fee-shifting statutes or contracts are included in the amount in controversy." *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018).  Further, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Id*. "The Defendant retains the burden, however, of proving the amount of future attorneys' fees by a preponderance of the evidence." *Id*.

59.    Most of the *Labor* Code provisions for which Plaintiff seeks damages include the provision of attorneys' fees, with the exception of the claim for meal and rest period violations.

60.    In general, a 25% benchmark of the potential damages constitutes the potential attorneys' fees. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (holding that where attorneys' fees are permissibly used in calculating the amount in controversy, a benchmark of 25% of the common fund was appropriate).  Although this is not a per se rule, a 25% benchmark of attorneys' fees is generally reasonable. *Arias*, 936 F.3d at 928.

61.    In the case at hand, even without including the attorneys' fees, the stated amount in controversy thus far, which includes only meal and rest period violations, waiting time penalties, wage statement violations, unpaid wages, and cell phone reimbursement is approximately $5,425,054.89.  Applying a 25% benchmark to this sum results in attorneys' fees of approximately $1,356,263.72.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## II.    SERVICE OF NOTICE ON PLAINTIFFS AND STATE COURT.

62.    Contemporaneous with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of the removal will be given by the undersigned to Plaintiff's counsel of record, Kevin Mahoney and Tayler Patillo of Mahoney Law Group, APC, and a copy of this Notice of Removal will be served upon all parties and filed with the Clerk of the Superior Court of the State of California, for the County of Contra Costa, where the action is currently pending, as required by 28 U.S.C. § 1446(d).

## III.    NO OTHER DEFENDANTS HAVE JOINED THE ACTION.

63.    There are no other Defendants that have been named or served in this action, thus there are no other Defendants to join in this Notice of Removal.

WHEREFORE, Defendant respectfully removes this action from the Superior Court of the State of California, for the County of Contra Costa, bearing case number C22-01788, to this Court pursuant to 28 U.S.C. § 1332, 1441, 1446, and 1453.

DATED:  October 14, 2022                **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:        */s/ Derek S. Sachs*
Derek S. Sachs
Elaine M. McCormick
Attorneys for Defendant Cambridge Real Estate Services, Inc.

# EXHIBIT 1

Kevin Mahoney, Esq. (SBN: 235367)
kmahoney@mahoney-law.net
Tayler Pattillo, Esq. (SBN: 336486)
tpattillo@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Boulevard, Suite 814
Long Beach, California 90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

Per local Rule, This case is assigned to
Judge Weil, Edward G, for all purposes.

SUMMONS ISSUED

Attorneys for Plaintiff JULIO ANDRES CRUZ as an individual, and on behalf of all employees
similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF CONTRA COSTA

JULIO ANDRES CRUZ,

        Plaintiff,

    v.

CAMBRIDGE REAL ESTATE SERVICES,
INC. DBA CAMBRIDGE RES, INC., and
DOES 1-50, inclusive,

        Defendants.

Case No.:   C22-01788

**CLASS ACTION**

**COMPLAINT FOR DAMAGES**

1. Failure to Pay All Wages, Including
   Minimum Wages (Labor Code § 1194);
2. Failure to Provide Rest Periods (Labor
   Code §§ 226.7, 512);
3. Failure to Provide Meal Periods (Labor
   Code §§ 226.7, 512);
4. Failure to Timely Pay Wages at Separation
   (Labor Code §§ 201, 202, 203);
5. Failure to Keep Accurate Payroll Records
   (Labor Code § 1174, 226 (A), (E));
6. Failure to Reimburse Employees for
   Necessary Business Expenditures (Labor
   Code § 2802(A)); and
7. Unfair Business Practices (Bus. Prof.
   Code Section 17200 et. seq.)

**DEMAND FOR JURY TRIAL**

- 1 -

CLASS COMPLAINT FOR DAMAGES

Plaintiff JULIO ANDRES CRUZ ("Plaintiff") on behalf of himself and all others similarly situated, complains and alleges on information and belief, as follows:

## INTRODUCTION

1.      This is a class action brought on behalf of Plaintiff and the class he seeks to represent ("Plaintiff Class") pursuant to California Code of Civil Procedure section 382. Plaintiff Class consists of all non-exempt, hourly-paid employees currently and/or formerly employed by Defendant CAMBRIDGE REAL ESTATE SERVICES, INC. DBA CAMBRIDGE RES, INC. is an Oregon corporation that provides residential property management services and is in good standing in California ("Defendant") during the Class Period. The term "Class Period" is defined as four (4) years prior to the filing of this complaint through the date of certification. Plaintiff reserves the right to amend this complaint to reflect a different "Class Period" or "Plaintiff Class" as further discovery is conducted.

2.      Plaintiff individually and on behalf of the class he seeks to represent, relief against Defendant for Defendant's practices of violating the applicable wage orders, the applicable Code of Regulations, and California Labor Codes, including: (1) failure to pay all wages, including minimum wages; (2) failure to provide rest periods; (3) failure to provide meal periods; (4) failure to keep accurate payroll records; (5) failure to timely pay wages at separation; (6) failure to reimburse employees for necessary business expenditures; and (7) unfair business practices as set forth more fully herein. These violations concern current and past employees of Defendant.

3.      Defendant CAMBRIDGE REAL ESTATE SERVICES, INC. DBA CAMBRIDGE RES, INC is, and was, an Oregon company, during the Class Period. Defendant does and did business in the State of California, and maintains and operates multiple locations throughout California. Plaintiff and proposed Plaintiff Class are employees who seek wages that Defendant has failed and/or refused to pay, including refusing to pay all wages at termination to employees, including Plaintiff.

4.      At all relevant times herein, Defendant has consistently maintained and enforced against Plaintiff and the Plaintiff Class the following unlawful policies and practices: (a) willfully refusing to pay Plaintiff and Plaintiff Class for all hours worked, including both regular and

minimum wages; (b) willfully refusing to permit Plaintiff and Plaintiff Class from taking meal and/or rest periods; (c) willfully refusing to compensate Plaintiff and certain members of the Plaintiff Class all wages due and owing at the time Plaintiff and Plaintiff Class's employment with Defendant ended; (d) willfully refusing to furnish to Plaintiff and Plaintiff Class with accurate itemized wage statements upon payment of wages; and (e) willfully refusing to reimburse Plaintiff and Plaintiff Class for necessary business expenditures.

5.    Plaintiff brings this lawsuit seeking injunctive, restitution, and monetary relief against Defendant, and each of them, on behalf of Plaintiff, individually, and on behalf of all aggrieved and similarly-situated employees to recover, among other things, unpaid wages and benefits, interest, penalties, liquidated damages, attorney's fees, and costs pursuant to California Labor Code sections 201, 202, 203, 204, 210, 218.5, 218.6, 226, subdivision (a), 226.3, 226.7, 512, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, and 2802, California Code of Civil Procedure 1021.5, and provisions of the applicable IWC Wage Order. Plaintiff reserves the right to name additional representatives throughout the State of California.

## JURISDICTION AND VENUE

6.    Venue is proper in this judicial district and the County of Contra Costa, pursuant to Code of Civil Procedure section 395, because Defendant CAMBRIDGE REAL ESTATE SERVICES, INC. DBA CAMBRIDGE RES, INC maintains its office locations and transact business in this county, the obligations and liability arise in this county, and work was performed by Plaintiff and Plaintiff Class made the subject of this action in the County of Contra Costa.

7.    Defendant CAMBRIDGE REAL ESTATE SERVICES, INC. DBA CAMBRIDGE RES, INC employs Plaintiff and numerous Class Members within the State of California and the unlawful acts alleged herein have a direct effect on Plaintiff and the Class Members.

8.    The California Superior Court has jurisdiction in the matter because the individual claims are under the seventy-five thousand dollar ($75,000.00) individual jurisdictional threshold and the five million dollar ($5,000,000.00) aggregate jurisdictional threshold for federal court and, upon information and belief, Plaintiff and Defendant are residents of and/or domiciled in the

State of California. Further, there is no federal question at issue as the issues herein is based solely on California Statutes and law including the California Labor Code, Industrial Welfare Commission Wage Orders, Code of Civil Procedure, Rule of Court, and Business and Professions Code. Thus, the above-entitled court maintains appropriate jurisdiction to hear this matter.

## **THE PARTIES**

**Plaintiff**

9.      Plaintiff was employed by Defendant from on or around January 23, 2019 through on or around August 25, 2021. At all relevant times herein, Plaintiff was employed by Defendant in a non-exempt hourly position, and was entitled to compensation for all hours worked, including but not limited to minimum wage, as well as penalties from Defendant.

**Defendant**

10.      Plaintiff is informed and believes, and based thereon alleges, that Defendant CAMBRIDGE REAL ESTATE SERVICES, INC. DBA CAMBRIDGE RES, INC, is a property management company that operates in the state of California. On information and belief, and based thereon, Plaintiff alleges that Defendant are conducting business in good standing in California, at all times herein mentioned, has regularly conducted business throughout the State of California.

11.      On information and belief, Defendant CAMBRIDGE REAL ESTATE SERVICES, INC. DBA CAMBRIDGE RES, INC is, and was, the employer for Plaintiff and Plaintiff Class.

12.      Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 50, inclusive, but on information and belief alleges that said Defendants are legally responsible for the payment of wages, and the payment of rest and meal period compensation, to Plaintiff and Plaintiff Class by virtue of their unlawful practices, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

///

13.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and Plaintiff Class.

14.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects as the agent, servant, partner, joint venture, alter-ego, employee, proxy, managing agent, and/or principal of the co-Defendants, and in performing the actions mentioned below was acting, at least in part, within the course and scope of that authority as such agent, proxy, servant, partner, joint venture, employee, alter-ego, managing agent, and/or principal with the permission and consent of the co-Defendants. Plaintiff also alleges the acts of each Defendant are legally attributable to the other Defendants.

15.     Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants sued herein was, at all relevant times, the employer, owner, shareholder, principal, joint venture, proxy, agent, employee, supervisor, representative, manager, managing agent, joint employer and/or alter-ego of the remaining Defendants, and was acting, at least in part, within the course and scope of such employment and agency, with the express and implied permission, consent and knowledge, approval and/or ratification of the other Defendants. The above co-Defendants, managing agents, and supervisors aided, abetted, condoned, permitted, approved, authorized, and/or ratified the unlawful acts described herein.

## GENERAL ALLEGATIONS

16.     Plaintiff and the Plaintiff Class are, and at all times relevant herein have been, non-exempt employees within the meaning of the California Labor Code and the implementing rules and regulations of IWC California Wage Orders.

17.     Plaintiff is informed and believes, and based thereon alleges, that Defendant's policies and practices described herein are common across each of Defendant's job sites within the state.

///

18.     Plaintiff is informed and believes, and based thereon alleges, that Defendant instituted a policy and practice against its employees wherein regular and minimum wages due were not paid in compliance with California law. Specifically, Employer failed to pay its employees minimum wage for all hours worked and required aggrieved employees to work in excess of eight (8) hours in a day or forty (40) hours in a week. Defendant's uniform policy resulted in failure to pay overtime and/or minimum wage for all worked performed by Plaintiff and Plaintiff Class.

19.     In addition, Defendant paid hourly non-exempt employees a bonus during the Relevant Time Period wherein Defendant failed to include the bonus in Plaintiff's and Class Members' regular rate when calculating Plaintiff's and Plaintiff Class's regular rate for purposes of overtime rate of pay.

20.     Plaintiff is informed and believes, and based thereon alleges, that Defendant was required to provide Plaintiff and Plaintiff Class with a work-free, thirty (30) minute meal period within the first five (5) hours of a shift for workdays in excess of six (6) hours, and a second thirty (30) minute meal period within the tenth (10th) hour of a shift for workdays in excess of ten (10) hours, in compliance with Labor Code section 512. Specifically, Defendant consistently interrupted Plaintiff and Plaintiff Class's meal periods with its bell system that rang before the full 30-minute meal period was completed. Defendant routinely denied Plaintiff and Plaintiff Class a full, thirty (30) minute off-duty meal period when they worked in excess of six (6) hours within the first five (5) hours of their shifts. On information and belief, neither Plaintiff nor Plaintiff Class waived their lawful meal periods or received compensation from Defendant for their missed meal periods.

21.     Additionally, Defendant was obligated to provide Plaintiff and Plaintiff Class with a ten (10) minute rest break for every four (4) hours, or major fraction thereof, worked each day. Defendant prevented Plaintiff and Plaintiff Class from taking their full rest breaks throughout their shifts due to the bell system that rang before the end of Plaintiff and Plaintiff Class's rest periods.

///

22. For at least four (4) years prior to the filing of this action and through to the present, Plaintiff alleges that Defendant consistently maintained and enforced the following unlawful practices and policies against its employees, in violation of California state wage and hour laws.

    a. Defendant had a consistent policy of not paying Plaintiff and Plaintiff Class for all hours worked;

    b. Defendant had a consistent policy of requiring Plaintiff Class within the State of California, including Plaintiff, to work at least five (5) hours without a lawful meal period, and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period was not provided, all in violation of, among others, Labor Code sections 201, 202, 226.7, 512, and applicable Industrial Welfare Commission Wage Orders, in one or more of the following manners;

        i. employees were required to work through their daily meal period(s), or work an unlawful "on-duty meal period;"

        ii. employees were restricted in their ability to take an uninterrupted meal period; and

    c. Defendant had a consistent policy of failing to provide Plaintiff Class within the State of California, including Plaintiff, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws, in one or more of the following manners:

        i. employees were required to work without being provided a minimum ten-minute rest period for every four (4) hours, or major fraction thereof, worked and were not compensated with one hour of pay at their regular rate of pay for each workday that a rest period was not provided; and

///

CLASS COMPLAINT FOR DAMAGES

        ii.   employees were neither permitted nor authorized to take lawful rest periods.

  d.   With respect to the Plaintiff Class who either were discharged, laid off, or resigned, Defendant failed to pay them in accordance with the requirements of Labor Code sections 201, 202, and 203;

  e.   Defendant failed to institute policies and procedures that ensured accurate recording of all hours Plaintiff and Plaintiff Class worked during the class period;

  f.   Defendant instituted policies and procedures that offset the necessary costs of doing business on its employees. Plaintiff and Plaintiff Class were required to wash and maintain uniforms with Defendant's logo, use their personal cell phones, and use their personal vehicles. Defendant failed to reimburse Plaintiff and Plaintiff's Class for the cost of washing and maintaining Defendant's required uniform, cell phone use, and use of their vehicle. Defendant required Plaintiff and Plaintiff class to take on the burden of these expenses without reimbursement in violation of Labor Code section 2802.

23.    Plaintiff is informed and believes, and based thereon alleges, that Defendant willfully failed to pay Plaintiff Class all wages earned, including minimum wage and compensation for missed meal and rest periods, in a timely manner upon or after termination of their employment with Defendant.

24.    Plaintiff is informed and believes, and based thereon alleges, that Defendant currently employs, and during the relevant liability period has employed hundreds of employees in the State of California in non-exempt positions.

25.    At relevant times herein, Plaintiff and the Plaintiff Class were employed by Defendant in non-exempt hourly positions.

26.    On information and belief, Plaintiff alleges that Defendant's actions as described throughout this complaint were willful.

///

27.     On information and belief, Plaintiff alleges that Defendant willfully failed to pay the legal wages, including minimum wage, failed to provide legal rest and meal periods, and willfully failed to pay one hour's wages in lieu of rest and meal periods, when each such employee quit or was discharged.

28.     Plaintiff, on behalf of himself and all other Plaintiff Class, brings this action pursuant to Labor Code sections 201, 202, 203, 204, 218, 218.5, 218.6, 221, 226, 226.7, 510, 512, 1194, 1197, and 2802, California Business and Professions Code section 17200 et seq., and Code of Regulations, Title 8, section 11000 et seq., seeking unpaid wages, unpaid rest and meal period compensation, penalties, injunctive, and other equitable relief, and reasonable attorneys' fees and costs.

29.     Defendant has made it difficult to account with precision for the unlawfully withheld wages for meal and rest period compensation owed to Defendant's non-exempt employees, including Plaintiff, during the liability period, because it did not implement and preserve a record-keeping method as required for non-exempt employees by California Labor Code sections 226, 1174(d), and section 7 of the California Wage Orders. Defendant has failed to comply with Labor Code section 226, subdivision (a) by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by Plaintiff and the Plaintiff Class. Plaintiff and Plaintiff Class are therefore entitled to penalties not to exceed four thousand dollars ($4,000.00) for each employee pursuant to Labor Code section 226, subdivision (b).

30.     Defendant has failed to comply with section 7 of the California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code section 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by the Plaintiff Class.

31.     Plaintiff, on behalf of himself and Class Members, pursuant to Business and Professions Code sections 17200-17208, also seeks injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this complaint.

**CLASS ALLEGATIONS**

32.    Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure. Plaintiff seeks to represent Classes composed of and defined as follows:

    a.    All persons who are employed or have been employed by Defendant in the State of California as non-exempt, hourly-paid employees, and who, within the four (4) years of the filing of this class action complaint to the present, who work, have worked, for Defendant as non-exempt employees and were entitled to be compensated for all hours worked, including minimum wages, overtime and/or double time, but were not compensated for all hours worked including minimum wages, overtime and/or double time;

    b.    All persons who are employed or have been employed by Defendant in the State of California as non-exempt, hourly-paid employees who, within the four (4) years prior to the filing of this Class Action Complaint to the present, have worked as non-exempt employees who were entitled to be provided a meal period for every five (5) hours or major fraction thereof worked per day or one hour's pay in lieu of, but were not provided a meal period for every five (5) hours or major fraction thereof worked per day or one hour's pay for each day on which such meal period was not provided;

    c.    All persons who are employed or have been employed by Defendant in the State of California as non-exempt, hourly-paid employees, and who, within the four (4) years prior to the filing of this Class Action Complaint to the present, have worked as non-exempt employees and were entitled to be provided a rest period for every four (4) hours or major fraction thereof, but was not provided a rest period for every four (4) hours or major fraction thereof worked per day, or one hour's pay for each day on which such rest period was not provided in lieu of;

d. All persons who have been employed by Defendant in the State of California as non-exempt, hourly-paid employees who, within the four (4) years prior to the filing of this Class Action Complaint to the present, separated their employment from Defendant and were entitled to be paid all wages owed upon termination of the employment, but was not paid all wages owed at termination, pursuant to Labor Code section 203;

e. All persons who are employed or have been employed by Defendant in the State of California as non-exempt, hourly-paid employees, and who, within the one (1) year prior to the filing of this class action complaint to the present, have worked as non-exempt employees and were entitled to be provide accurate payroll records, but was not provided an accurate payroll record as required under Labor Code section 226 and Labor Code section 1174;

f. All persons who are employed or have been employed by Defendant in the State of California as non-exempt, hourly-paid employees, and who, within the four years of the filing of this Class Action Complaint to the present, and were entitled to be reimbursed for necessary business expenditures, but were not reimbursed for necessary business expenditures incurred as a result of performing their work for Defendant pursuant to Labor Code section 2802.

33. Plaintiff reserves the right under rule 3.764 of the California Rules of Court, to amend or modify the class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

34. This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

**A. Numerosity**

35. The potential members of each Class defined herein are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Plaintiff Class has not been determined at this time, Plaintiff is informed and believes that Defendant currently

- 11 -

employs, and during the relevant time period employed, hundreds of employees in positions as Defendant's non-exempt employees in California, who are or have been affected by Defendant's unlawful practices as alleged herein.

36.    Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Upon information and belief, Plaintiff alleges Defendant's employment records would provide information as to the number and location of all employees within the Plaintiff Class. Joinder of all members of the proposed Classes is not practicable.

**B.    Commonality**

37.    Common questions of law and fact predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a.    Whether Plaintiff and Plaintiff Class are entitled to regular wages from Defendant under applicable IWC Wage Orders, regulations and statutes for hours worked but not paid;

b.    Whether Defendant violated Labor Code sections 226.7 and 512, section 10 of the IWC Wage Orders, and Code of Regulations, Title 8, section 11000 et seq. by failing to provide a lawful meal period to non-exempt employees within the first five hours of their shifts on days they worked in excess of six (6) hours and by failing to compensate said employees one hour's wages in lieu of meal periods;

c.    Whether Defendant violated Labor Code section 226.7, section 11 of the IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 et seq. by failing to provide daily rest periods to non-exempt employees for every four hours or major fraction thereof worked and by failing to compensate said employees one hour's wages in lieu of rest periods;

d.    Whether Defendant violated sections 201, 202, and 203 of the Labor Code by failing to pay all earned wages and/or premium wages or return unlawfully deducted wages due and owing at the time that any person in the Plaintiff Class employment with Defendant terminated, voluntarily or involuntarily;

e.  Whether Defendant failed to keep accurate payroll records and provide accurate itemized paystubs in violation of Labor Code section 1174, 226 (A), (E);

f.  Whether Defendant failed to Reimburse Employees for Necessary Business Expenditures in violation of Labor Code section 2802, subdivision (A);

g.  Whether Defendant violated section 17200 et seq. of the Business and Professions Code, Labor Code sections 201, 202, 203, 351, 226.7, 512, 1194, 1199, 1174, and applicable IWC Wage Orders, which violation constitutes a violation of fundamental public policy; and

h.  Whether Plaintiff and Class Members are entitled to equitable relief pursuant to Business and Professions Code section 17200 et seq.

38.  Plaintiff's claims are typical of the claims of the Plaintiff Class. Plaintiff and the Plaintiff Class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D.    Adequacy of Representation**

39.  Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class. Counsel is competent and experienced in litigating employment class actions.

40.  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all each person in the Plaintiff Class is not practicable, and questions of law and fact common to each Class predominate over any questions affecting only individual members of the Class. Each member of the Plaintiff Class has been damaged and is entitled to recovery by reason of Defendant's unlawful policies and practices alleged in the complaint.

41.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

///

## FIRST CAUSE OF ACTION

### Failure to Pay All Wages, Including Minimum Wages and Overtime Wages

### (Plaintiff and Plaintiff Class Against All Defendants)

42.     Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

43.     Plaintiff alleges that, Defendant maintained, and has maintained throughout the Class Period, a consistent policy and practice of failing to pay wages, including regular, and minimum wage due for hours actually worked.

44.     Plaintiff alleges that Defendant maintained, and has maintained throughout the Class Period, a consistent policy of failing to pay its employees for all hours worked. Specifically, Employer failed to pay its employees minimum wage for all hours worked and required aggrieved employees to work in excess of eight (8) hours in a day or forty (40) hours in a week. Defendant's uniform policy resulted in failure to pay overtime and/or minimum wage for all worked performed by Plaintiff and Plaintiff Class.

45.     In addition, Defendant failed to include all remuneration paid to hourly non-exempt employees for shift differential payments, and other types of remuneration, which are not statutory exclusions, when calculating Plaintiff's and Class Members' regular rate for purposes of overtime rate of pay.

46.     As a result of Defendant's unlawful acts, Plaintiff and Plaintiff Class have been deprived of regular wages, minimum wages, and compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code sections 1194 and 1199.

47.     Defendant willfully violated the Labor Code with respect to meeting the requirements of paying all wages earned, including minimum wage, as alleged herein.

48.     Plaintiff seeks to recover in a civil action the unpaid balance of the full amount of the unpaid wages resulting from Defendant's minimum wage violations including interest thereon, reasonable attorney's fees and costs of suit, penalties, and liquidated damages to the fullest extent permissible including those permitted pursuant to Labor Code sections 1194 and

1194.2 and Code of Civil Procedure section 1021.5 and/or any other statute.

## SECOND CAUSE OF ACTION

### Failure to Provide Rest Periods

### (Plaintiff and Plaintiff Class Against All Defendants)

49.     Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

50.     Labor Code section 226.7 provides that employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours.

51.     Labor Code section 226.7, subdivision (b) provides that if an employer fails to provide and employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provided.

52.     Plaintiff alleges that during the class period, Defendant did not permit or authorize Plaintiff and Plaintiff Class to take rest periods. Defendant failed to adequately staffing employees to allow Plaintiff and Class Members an opportunity to be provided timely, lawful duty-free rest periods for every four hours of their shift or major fraction thereof.

53.     At all times relevant hereto, Plaintiff and Plaintiff Class worked more than four (4) hours in a workday.

54.     Plaintiff and Plaintiff Class did not voluntarily or willfully waive rest periods.

55.     Defendant further failed to implement a policy to pay Plaintiff and Plaintiff Class an additional hour of pay at their regular rate of pay for rest periods not authorized or permitted.

56.     By failing to keep adequate records as required by sections 226 and 1174, subdivision (d) of the Labor Code, Defendant has injured Plaintiff and Plaintiff Class and made it difficult to calculate the unpaid rest period compensation (including wages, interest, and penalties thereon) due and owing to Plaintiff and Plaintiff Class.

57.     By virtue of the Defendant's unlawful failure to provide rest periods to Plaintiff and Plaintiff Class, they have been deprived of compliant rest periods and/or premium wages in lieu thereof in amounts to be determined at trial and are entitled to recovery of such amounts, plus

interest and penalties thereon, attorneys fees, costs, to the fullest extent permissible under the Labor Code 226.7, applicable IWC Wage Orders, Code of Civil Procedure section 1021.5.

## THIRD CAUSE OF ACTION

### Failure to Provide Meal Periods

### (Plaintiff and Plaintiff Class Against All Defendants)

58.    Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

59.    Labor Code sections 226.7 and 512 provide that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes or employ any person for a work period of more than ten (10) hours without a second (2nd) meal period of not less than thirty (30) minutes.

60.    Labor Code section 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in accordance with this section.

61.    Defendant maintains, and has maintained throughout the Class Period, a policy and practice of failing to provide lawful work-free meal periods to Plaintiff and Plaintiff Class, for the days on which non-exempt employees work periods in excess of six (6) hours. Plaintiff and Plaintiff Class were routinely denied the opportunity to be completely relieved of all work duties for a 30-minute meal period as a result of Defendant's failure to provide adequate staffing. In fact, if Plaintiff and Class members were provided the opportunity to take a meal period, their meal periods were interrupted because they had to attend to task such as cleaning, taking a customer's order, amongst other things. Defendant failed to provide Plaintiff and Plaintiff Class with compensation for their missed meal periods.

62.    Plaintiff and Plaintiff Class did not voluntarily or willfully waive meal periods.

63.    At all times relevant hereto, the Defendant, failed to provide Plaintiff and Plaintiff Class similarly a compliant duty-free meal period as required by Labor Code sections 226.7 and 512.

64.     By virtue of the Defendant's unlawful failure to provide rest periods to Plaintiff and Plaintiff Class, Plaintiff and the Plaintiff Class have been deprived of compliant meal periods and/or premium wages in lieu thereof in amounts to be determined at trial and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys fees, costs, to the fullest extent permissible under the Labor Code sections 226.7 and 512, applicable IWC Wage Orders, Code of Civil Procedure section 1021.5, and/or any other statute.

## FOURTH CAUSE OF ACTION

### Failure to Timely Pay Wages at Separation

### (Plaintiff and Plaintiff Class Against All Defendants)

65.     Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

66.     During the relevant time period, Plaintiff and formerly employed members of the Plaintiff Class resigned or were terminated from their positions with Defendant. Defendant, however, willfully did not pay Plaintiff and Plaintiff Class all wages which were due them upon their separation of employment immediately upon termination or within seventy-two (72) hours of their resignation as required by Labor Code section 202, subdivision (a). Defendant failed to pay Plaintiff and Plaintiff Class all minimum wages due which were earned throughout their employment. Defendants also failed to pay premium wages for times Plaintiff and Class Members were not provided meal and/or rest breaks.

67.     Under Labor Code sections 201, 202, and 203, Plaintiff and Plaintiff Class are entitled to waiting time penalties for not having been paid all wages due them upon their separation from employment.

68.     Plaintiff and Plaintiff Class who terminated employment within four years of the filing of the original Complaint until the date of entry of judgment, without being paid the proper payments are entitled to thirty (30) days of pay at their regular rate of pay as waiting time penalties.

///

///

- 17 -

CLASS COMPLAINT FOR DAMAGES

## FIFTH CAUSE OF ACTION

### Failure to Keep Accurate Payroll Records

### (Plaintiff and Plaintiff Class Against All Defendants)

69.     Plaintiff incorporates by reference and realleges all previous paragraphs of this complaint as though fully set forth herein.

70.     Labor Code section 1174, subdivision (d), requires an employer to keep at a central location in California or at the plant or establishment at which the employee is employed, payroll records showing the hours worked daily, and the wages paid to, each employee. Labor Code section 226, subdivision (a) requires an employer to provide employees—either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash—an accurate itemized wage statement in writing.

71.     Labor Code section 226, subdivision (e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, inter alia, the gross and net wages earned, the total hours worked by the employee and the applicable hourly overtime rates, causing the employee injury, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial violation and one hundred dollars ($100.00) for each subsequent violation, up to four thousand dollars ($4,000.00). Plaintiff is informed and believes that Defendants willfully failed to make or keep accurate records for Plaintiff and Plaintiff Class.

72.     IWC Wage Orders require that every employer shall keep accurate information with respect to each employee, including time records showing when each employee begins and ends each work periods, the total daily hours worked by each employee and the total hours worked in each payroll period, and applicable rates of pay. Plaintiff alleges that Defendant willfully and intentionally failed to make and/or keep records which accurately reflect the hours worked by Plaintiff and Plaintiff Class. Specifically, Plaintiff believes that Defendant's records do not accurately reflect where Plaintiff and Plaintiff Class worked during their meal and/or rest breaks. Furthermore, Defendant's records do not reflect all hours worked.

///

///

73.     Plaintiff is informed and believes that Defendant's failure to keep accurate payroll records, as described above, violated Labor Code sections 1174, subdivision (d) and 226, subdivision (a), and the applicable wage order.

74.     Plaintiff is informed and believes that Defendant's failure to keep and maintain accurate records and information, as described above, was willful, and Plaintiff and the Plaintiff Class are entitled to statutory penalties pursuant to Labor Code sections 226 and 1174.5.

**SIXTH CAUSE OF ACTION**

**Failure to Reimburse Employees for Necessary Business Expenditures**

**(Plaintiff and Plaintiff Class Against All Defendants)**

75.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

76.     Under California Labor Code section 2802, subdivision (a), an employer is legally to reimburse its employees for necessary business expenditures incurred as a result of performing their work.

77.     California Labor Code section 2802 states, "An employer shall indemnify his or his employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or his duties…"

78.     Defendant failed to reimburse Plaintiff and Plaintiff Class for necessary business expenditures, specifically the cost of maintaining Defendant's uniforms.

79.     Defendant knowingly, willingly and intentionally attempted to offset the cost of doing business on the Plaintiff and Plaintiff Class.

80.     Defendant have and or had a practice and policy of requiring Plaintiff and Plaintiff Class to shoulder the burden of Defendant's cost of doing business by failing to reimburse Plaintiff and Plaintiff Class for necessary business expenditures, specifically the cost to wash and maintain their work mandated uniforms which contains Defendant's logo at their own expense, using their personal cell phones to clock in and out, and using their personal vehicles. Defendant failed to reimburse Plaintiff and Plaintiff Class for the cost of washing and maintaining Defendant's uniform which is required in their employment. Defendant failed to reimbursement

Plaintiff and Aggrieved Employees for these expenditures incurred in carrying out their job duties by Plaintiff and Aggrieved Employees under Defendant's policy.

81.    Accordingly, Plaintiff and Plaintiff Class are entitled to an award of "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees and interest.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF UNFAIR COMPETITION LAW/UNFAIR-UNLAWFUL BUSINESS PRACTICES

### (Plaintiff and Plaintiff Class against All Defendants)

82.    Plaintiff realleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

83.    Plaintiff brings this claim individually and on behalf of Class Members.

84.    Business and Professions Code section 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the UCL.

85.    Labor Code section 90.5, subdivision (a), states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

86.    Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair, and fraudulent business practices and acts described in this complaint including but not limited to violations of Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1174, 1174.5, 1175, 1194, 1197, and 2802 as well as other statutes.

///

///

87.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code sections 17200 et seq.

88.    As a result of these actions, Plaintiff, on information and belief, alleges that Defendant are able to unfairly compete with other comparable companies in the State of California in violation of Business and Professions Code sections 17000 et seq. and 17200 et seq. Due to these unlawful, unfair and/or fraudulent business practices, Defendant have gained a competitive advantage over other comparable companies doing business in the State of California.

89.    Plaintiff's success in this action will enforce important rights affecting the public interest and public policy.  In this regard, Plaintiff sues on behalf of the public as well as on behalf of himself.

90.    Business and Professions Code section 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

91.    Business and Professions Code section 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition.  Plaintiff and the Plaintiff Class are entitled to restitution pursuant to Business and Professions Code section 17203 for wages and payments unlawfully withheld from employees, including the fair value of the meal and rest periods and other losses alleged herein, during the four-year period prior to the filing of this complaint.  All remedies are cumulative pursuant to Business and Professions Code section 17205.

92.    Business and Professions Code section 17202 provides: "Notwithstanding section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."  Plaintiff and Plaintiff Class are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code section 17202.

93.    Plaintiff herein takes upon enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action. This action is seeking to vindicate a public

right, and it would be against the interests of justice to penalize Plaintiff by forcing Plaintiff to pay attorney's fees from the recovery in this action. Attorney's fees are appropriate pursuant to Code of Civil Procedure section 1021.5 and otherwise.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class Members pray for judgment as follows:

1. That the Court determine that this action may be maintained as a class action;

2. That Plaintiff be appointed the representative of each proposed Class, as appropriate;

3. That the attorneys of record for Plaintiff, and more specifically, Mahoney Law Group, APC whose name appears in this complaint be appointed class counsel;

4. For compensatory damages in an amount according to proof with interest thereon;

5. For economic and/or special damages in an amount according to proof with interest thereon;

6. For penalties to the extent permitted pursuant to the Labor Code, Orders of the Industrial Welfare Commission, including, but not limited to, waiting time penalties under Labor Code section 203, and penalties under Labor Code sections 226, subdivision (e), 226.3, 210, 226.7, and 1174.5;

7. For attorneys' fees, interest, and costs of suit under Labor Code sections 218.5, 1194 and other applicable provisions of law outside the Labor Code; and

8. For such other and further relief as the Court deems just and proper.

Dated: August 25, 2022                    **MAHONEY LAW GROUP, APC**

_____
Kevin Mahoney, Esq.
Attorneys for Plaintiff JULIO ANDRES CRUZ, as an individual, and on behalf of all employees similarly situated

## **DEMAND FOR JURY TRIAL**

Plaintiff JULIO ANDRES CRUZ hereby demands a jury trial on all issues so triable.

Dated: August 25, 2022                    **MAHONEY LAW GROUP, APC**

Kevin Mahoney, Esq.
Attorneys for Plaintiff JULIO ANDRES CRUZ as
an individual, and on behalf of all employees
similarly situated

# EXHIBIT 2

Electronically Filed Superior Court of CA County of Contra Costa 8/25/2022 1:03 PM By: M. Macapinlac, Deputy

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CAMBRIDGE REAL ESTATE SERVICES, INC. DBA CAMBRIDGE RES, INC., and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JULIO ANDRES CRUZ,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER (Número del Caso): |
|---|---|
| *(El nombre y dirección de la corte es):* Wakefield Taylor Courthouse<br>725 Court Street<br>Martinez, CA 94553 | C22-01788 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kevin Mahoney, Esq., MAHONEY LAW GROUP, APC, 249 E. Ocean Blvd., Ste. 814, Long Beach, CA 90802, (562) 590-5550

| DATE:<br>*(Fecha)* | 08/25/2022 | Clerk, by<br>*(Secretario)* | /s/ M. Macapinlac | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Cambridge Real Estate Services, Inc. dba Cambridge Res, Inc.
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Electronically Filed Superior Court of CA County of Contra Costa 9/1/2022 10:06 AM By: A. Stewart, Deputy

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Kevin Mahoney, Esq. (SBN: 23567)<br>MAHONEY LAW GROUP, APC<br>249 E. Ocean Blvd., Ste. 814, Long Beach, CA 90802<br><br>TELEPHONE NO.: (562) 590-5550   FAX NO. *(Optional):* (562) 590-8400<br>ATTORNEY FOR *(Name):* Plaintiff Julio Andres Cruz | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA**
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
Cruz v. Cambridge Real Estate Services, Inc. dba Cambridge Res, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: C22-01788 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 7
5. This case [X] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: 9/1/2022

Kevin Mahoney, Esq.
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary cause of action.** To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

*Superior Court of California, County of Contra Costa*

# <u>UNLIMITED</u> JURISDICTION

## Civil Actions

## PACKET

### <u>What you will find in this packet:</u>

- Interpreter Request (MC-300e&s)

- Notice To Plaintiffs (CV-655a-INFO)

- Notice To Defendants (CV-655d-INFO)

- ADR Case Management Stipulation and Order (CV-655b)

- Case Management Statement (CM-110)

- Alternative Dispute Resolution (ADR) Information (CV-655c-INFO)

*You Can Get Court Forms FREE at:* **www.cc-courts.org/forms**

## Superior Court of California, County of Contra Costa

### Interpreter Request

If you need an interpreter, please complete the form below and submit it to any Filing Window or courtroom.

Case Number: _____

**Case Type:**

☐ Criminal

☐ Traffic

☐ Civil Harassment

☐ Conservatorship

☐ Proceedings to terminate parental rights

☐ Dependent Adult Abuse

☐ Juvenile

☐ Small Claims – ($10,000 or less)

☐ Civil - ☐ $25,000 ☐ over $25,000

☐ Civil – Other _____

☐ Family Law

☐ Unlawful Detainer

☐ Guardianship

☐ Elder Abuse

Party Requesting Interpreter: _____

Is interpreter for a witness?  ☐ Yes  ☐ No

Phone Number(s) where party can be reached: _____

Date of Hearing: _____    Time of Hearing: _____

Department: _____ Location: ☐ Martinez ☐ Pittsburg ☐ Richmond ☐ Walnut Creek

Language Needed: ☐ Spanish ☐ Mandarin ☐ Cantonese ☐ Vietnamese

☐ Other: _____

To avoid the risk that your hearing will have to be postponed, please submit this form a minimum of one week in advance.

Current information about this program is available at our website: www.cc-courts.org/interpreter

MC-300a&s Rev. 1/24/18

# Superior Court of California, County of Contra Costa

### Solicitud Para Intérprete

Si necesita un intérprete, favor completar este formulario y presentarlo en cualquier ventanilla para archivar documentos o con la secretaria del tribunal.

Número de Caso: _____

**Tipo de Caso:**

☐ Criminal

☐ Tráfico

☐ Acoso Civil

☐ Conservador

☐ Casos para Terminar Derechos de Madre o Padre

☐ Abuso de Adultos Incapacitados

☐ Tribual de Menores

☐ Demanda Civil – ($10,000 o menos)

☐ Demanda Civil –
  ☐ $25,000  ☐ más de $25,000

☐ Civil – otro tipo _____

☐ Casos de Familia

☐ Juicio de Desalojo

☐ Tutela

☐ Abuso de Personas Mayores

Persona que Necesita Intérprete: _____

☐ Marque aquí si esta persona es un testigo

Número Telefónico: _____

Fecha de la Audiencia Judicial: _____    Hora: _____

Departamento: _____ Ciudad: ☐ Martinez  ☐ Pittsburg  ☐ Richmond  ☐ Walnut Creek

Idioma Solicitado:  ☐ Español  ☐ Mandarín  ☐ Cantonés  ☐ Vietnamita

☐ Otro Idioma: _____

Para evitar la posibilidad que su audiencia sea aplazada, favor the presentar este formulario al menos una semana antes de la fecha de su audiencia.

Información actualizada acerca de este servicio se encuentra en nuestra página web: www.cc-courts.org/interpreter

Superior Court of California, County of Contra Costa

## NOTICE TO PLAINTIFFS
### In Unlimited Jurisdiction Civil Actions

## AFTER YOU FILE YOUR COURT CASE:

1. Have the forms the clerk gives you served on all defendants in this case:
    a. The Complaint
    b. The Summons
    c. The Notice of Case Management Conference (shows hearing date and time)
    d. The Notice to Defendants  (Local Court Form CV-655d-INFO)
    e. Blank: Case Management Statement (Judicial Council Form CM-110)
    f. Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days  (Local Court Form CV-655b)
    g. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c-INFO)

2. Within 60 days of the date you filed the complaint **you must prove that the forms have been served on (delivered to) the defendants correctly** by filing the ***Proof of Service*** form (POS-010) (completed by the person who did the service) with the court.

3. **Go to the case management conference on the date indicated on** The Notice of Case Management Conference.

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR information, visit www.cc-courts.org/adr, or email adrweb@contracosta.courts.ca.gov

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rules, Title Three. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

## VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)

---

[1] *Health and Safety Code §11470 et seq.*
[2] *Including claims for emotional distress and/or wrongful death.*

## Superior Court of California, County of Contra Costa

## NOTICE TO DEFENDANTS
In Unlimited Jurisdiction Civil Actions

**YOU ARE BEING SUED.** The packet you have been served should contain:

    a.    The Summons

    b.    The Complaint

    c.    The Notice of Case Management (shows hearing date and time)

    d.    Blank: Case Management Statement (Judicial Council Form CM-110)

    e.    Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)

    f.    Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655c-INFO)

---

 **WHAT DO I DO NOW?** 

**You must:**

1. **Prepare your response**   YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the *Case Management Statement  (CM-110)***

3. **File and serve your court papers on time**   Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**   by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that must be filed at the court within 60 days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference.*

6. **Consider trying to settle your case before trial**   If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers.  For more information read the enclosed ADR Information, visit www.cc-courts.org/adr, or email adrweb@contracosta.courts.ca.gov.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

**COURT FEES:** You must pay court fees the first time you file your papers.  If you also file a motion, you must pay another fee.  If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:** Buy forms at the Law Library (1020 Ward Street, Martinez, CA) or download them for free at: www.courtinfo.ca.gov/forms/

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an ANSWER.

2. If you have a claim in the same case against the plaintiff, you may file a CROSS-COMPLAINT.

3. If you want to ask the court to do something on your behalf, you may file a MOTION (See TYPES OF MOTIONS below)

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

    Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

    a. For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do not check number 2).

    b. For contract claims, use Judicial Council PLD-C-010 (do not check number 3a).

    c. Be sure to deny every claim with which you disagree. For example, you might write: "I believe, or know, that the information in paragraph #___ is untrue/incorrect." Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

    a. For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.

    b. For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. Demurrer *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed)*;
2. Motion to Strike *(the complaint is unclear; does not follow the law, "doesn't matter", etc.)*;
3. Motion to Transfer *(the complaint is in the wrong court or there's a more appropriate court)*;
4. Motion to Quash Service of Summons *(you were not legally served)*;
5. Motion to Stay *(put the case on hold)*; or
6. Motion to Dismiss *(stops the case)*.

    **NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- **Lawyer Referral Service:**  (925) 825-5700
- **Bay Area Legal Aid:**  (800) 551-5554
- **Contra Costa County Law Library**   Martinez: (925) 646- 2783
- **Ask the Law Librarian:**   www.247ref.org/portal/access_law3.cfm    Richmond: (510) 374-3019

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF CONTRA COSTA**

_____

_____
Plaintiff(s) / Cross Plaintiff(s)

vs.                                            ___***ADR Case Management Stipulation and Order***___
                                              ***(Unlimited Jurisdiction Civil Cases)***

_____

_____         CASE NO: _____
Defendant(s) / Cross Defendant(s)

---

► ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE. (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)

► PARTIES MUST ALSO **SEND A COPY OF THIS** FILED **STIPULATION AND ORDER TO THE ADR OFFICE:** EMAIL adrweb@contracosta.courts.ca.gov  FAX: (925) 608-2109  MAIL: P.O. BOX 911, MARTINEZ, CA 94553

---

Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
    a.  The parties have agreed to ADR as follows:
        i.   ❏ Mediation  (❏ Court-connected ❏ Private)
        ii.  ❏ Arbitration  (❏ Judicial Arbitration (non-binding)  ❏ Private (non-binding)  ❏ Private (binding))
        iii. ❏ Neutral case evaluation
    b.  The ADR neutral shall be selected by *(date)*: _____ *(no more than 14 days after filing this form)*
    c.  ADR shall be completed by *(date)*: _____ *(no more than 90 days after filing this form)*

2. The parties will complete the following discovery plan:
    a.  ❏ Written discovery:  (❏ Additional page(s) attached)
        i.   ❏ Interrogatories to:
        ii.  ❏ Request for Production of Documents to:
        iii. ❏ Request for Admissions to:
        iv.  ❏ Independent Medical Evaluation of:
        v.   ❏ Other:
    b.  ❏ Deposition of the following parties or witnesses: (❏ Additional page(s) attached)
        i.   _____
        ii.  _____
        iii. _____
    c.  ❏ No Pre-ADR discovery needed _____

3. The parties also agree: _____

4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Title Three; Chapter 5, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| | | |
|---|---|---|
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |

---

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, IT IS SO ORDERED that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____) Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.

Dated: _____                    _____
                                              **Judge of the Superior Court**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE**  ☐ **LIMITED CASE** | |
| (Amount demanded   (Amount demanded is $25,000 | |
| exceeds $25,000)   or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:                         Time:              Dept.:        Div.:        Room:

Address of court *(if different from the address above)*:

☐  Notice of Intent to Appear by Telephone,  by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐  This statement is submitted by party *(name)*:
   b. ☐  This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date)*:
   b. ☐  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not)*:

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐  have had a default entered against them *(specify names)*:

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a.  Type of case in  ☐  complaint     ☐  cross-complaint     *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 1 of 5

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐ days *(specify number):*
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
f.  Fax number:
g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | | CM-110 |
|---|---|---|
| DEFENDANT/RESPONDENT: | | CASE NUMBER: |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

| | | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: | | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

    Party                            Description                            Date

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | CASE NUMBER: | CM-110 |
|---|---|---|
| DEFENDANT/RESPONDENT: | | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

<u>*Questions?*</u>  Email <u>adrweb@contracosta.courts.ca.gov</u> or call (925) 608-2075

## MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties email, fax or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediators regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties email, fax or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 60 days. Parties must use the ADR-102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties email, fax or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that evaluators regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at adrweb@contracosta.courts.ca.gov

**Superior Court of California, Contra Costa County**

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA 94553
925-608-1000
www.cc-courts.org



K. Bieker
Court Executive Officer

**SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY**

I DECLARE UNDER PENALTY OF PERJURY THAT I AM NOT A PARTY TO THE WITHIN ACTION OR PROCEEDING; THAT ON THE DATE BELOW INDICATED, I SERVED A COPY OF THE FOREGOING NOTICE BY DEPOSITING SAID COPY ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON FULLY PREPAID IN THE UNITED STATES MAIL AT MARTINEZ, CA AS INDICATED ABOVE.

DATE:    9/1/2022

BY:    M. MACAPINLAC DEPUTY CLERK

NOTICE OF HEARING HAS BEEN PRINTED FOR THE FOLLOWING ATTORNEYS/FIRMS OR PARTIES FOR CASE NUMBER: C22-01788 ON 9/1/2022:

KEVIN MAHONEY
249 EAST OCEAN BLVD
SUITE 814
LONG BEACH CA 90802



**Superior Court of California, Contra Costa County**

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA 94553
925-608-1000
www.cc-courts.org

K. Bieker
Court Executive Officer

| CASE NAME: | CASE NUMBER: |
|---|---|
| JULIO CRUZ VS. CAMBRIDGE REAL ESTATE SERVICES, INC. DBA CAMBRIDGE RES, INC. | C22-01788 |

### NOTICE OF ASSIGNMENT TO DEPARTMENT 39 FOR CASE MANAGEMENT DETERMINATION

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT.

1. THIS MATTER HAS BEEN ASSIGNED TO Department 39, Judge EDWARD G WEIL PRESIDING, FOR ALL PURPOSES; DEPARTMENT 39 IS DESIGNATED AS THE COMPLEX LITIGATION DEPARTMENT OF THE COURT AND AS SUCH (a) HEARS ALL CASES WHEREIN A DESIGNATION OF COMPLEX CASE HAS BEEN MADE AND (b) CONDUCTS HEARINGS, IN CASES THAT THIS COURT DETERMINES, ON A PRELIMINARY BASIS MAY BE COMPLEX, TO DETERMINE WHETHER THE CASE SHOULD REMAIN IN THE COMPLEX LITIGATION PROGRAM.

2. ALL COUNSEL ARE REQUIRED TO APPEAR IN DEPARTMENT 39 ON 12/27/2022 AT 8:30 AM
   a) IF THE CASE HAS BEEN DESIGNATED AS COMPLEX, AND NO COUNTER DESIGNATION HAS BEEN FILED, THE COURT WILL HOLD ITS FIRST CASE MANAGEMENT CONFERENCE AT THAT TIME.
   b) IF THE CASE HAS BEEN ASSIGNED TO DEPARTMENT 39 ON A PRELIMINARY BASIS THE COURT WILL HOLD A HEARING TO DETERMINE IF THE MATTER IS, OR IS NOT, COMPLEX. IF THE MATTER IS DETERMINED TO BE COMPLEX, THE COURT WILL THEN PROCEED WITH THE FIRST CASE MANAGEMENT CONFERENCE.

3. EACH PARTY SHALL FILE AND SERVE A CASE MANAGEMENT CONFERENCE STATEMENT FIVE (5) DAYS BEFORE THIS HEARING AND BE PREPARED TO PARTICIPATE EFFECTIVELY IN THE CONFERENCE, INCLUDING BEING THOROUGHLY FAMILIAR WITH THE CASE AND ABLE TO DISCUSS THE SUITABILITY OF THE CASE FOR PRIVATE MEDIATION, ARBITRATION OR THE USE OF A SPECIAL MASTER OR REFEREE.

4. PRIOR TO THE CONFERENCE COUNSEL FOR PLAINTIFF SHALL MEET AND CONFER WITH COUNSEL FOR EACH OTHER PARTY IN AN EFFORT TO PRECISELY DEFINE THE ISSUES IN THE CASE, DISCUSS THE POSSIBILITY OF EARLY MEDIATION, THE IDENTITIES OF POSSIBLE OTHER PARTIES, AND THEIR RESPECTIVE PLANS FOR DISCOVERY.

5. UNTIL THE TIME OF THE CONFERENCE THE FOLLOWING INTERIM ORDERS SHALL BE IN EFFECT:
   a) PLAINTIFF SHALL DILIGENTLY PROCEED IN LOCATING AND SERVING EACH AND EVERY DEFENDANT. IT IS THE COURT'S INTENTION THAT EACH PARTY BE SERVED IN SUFFICIENT TIME TO HAVE ENTERED AN APPEARANCE WITHIN THE TIME ALLOWED BY LAW AND TO ATTEND THE FIRST CONFERENCE.
   b) ALL DISCOVERY SHALL BE STAYED EXCEPTING AS ALL PARTIES TO THE ACTION MIGHT OTHERWISE STIPULATE OR THE COURT OTHERWISE ORDER.
   c) NO PARTY SHALL DESTROY ANY WRITING OR OTHER EVIDENCE IN ITS POSSESSION OR UNDER ITS CONTROL WHICH BEARS IN ANY WAY UPON THE MATTERS WHICH ARE THE SUBJECT OF THIS LITIGATION.
   d) WITHIN THE TIME FOR ANY PARTY TO FILE AN ANSWER OR DEMURRER SUCH PARTY MAY ALTERNATIVELY FILE A NOTICE OF GENERAL APPEARANCE. IN SUCH EVENT THE TIME FOR FILING OF AN ANSWER OR DEMURRER SHALL BE EXTENDED TO TWENTY (20) DAYS FOLLOWING THE FIRST CONFERENCE UNLESS THE COURT SHALL, AT THAT TIME, SET A DIFFERENT SCHEDULE.
   e) COUNSEL FOR EACH PARTY SHALL DO A CONFLICT CHECK TO DETERMINE WHETHER SUCH COUNSEL MIGHT HAVE A POSSIBLE CONFLICT OF INTEREST AS TO ANY PRESENT OR CONTEMPLATED FUTURE PARTY.

BY ORDER OF THE COURT

4825-6570-4367.1

# EXHIBIT 3



# CSC

## Notice of Service of Process

null / ALL
Transmittal Number: 25654868
Date Processed: 10/03/2022

Primary Contact:    Jeffrey   Passadore
Cambridge Real Estate Services, Inc.
1107 NW 14th Ave

Portland, OR 97209

| | |
|---|---|
| Entity: | Cambridge Real Estate Services , Inc.<br>Entity ID Number  2013685 |
| Entity Served: | Cambridge Real Estate Services, Inc. d/b/a Cambridge Res, Inc. |
| Title of Action: | Julio Andres Cruz vs. Cambridge Real Estate Services, Inc. DBA Cambridge Res, Inc., |
| Matter Name/ID: | Julio Andres Cruz vs. Cambridge Real Estate Services, Inc. dba Cambridge RES, Inc. (12890234) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | Contra Costa County Superior Court, CA |
| Case/Reference No: | C22-01788 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 09/14/2022 |
| Answer or Appearance Due: | 60 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Mahoney Law Group, Apc<br>562-590-5550 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com