UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO ANDRES CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>CAMBRIDGE REAL ESTATE SERVICES, INC.,<br><br>Defendant. | Case No. 22-cv-06075-JD<br><br>**ORDER RE ARBITRATION** |

In this putative employment class action, defendant Cambridge Real Estate Services, Inc., asks to compel arbitration of plaintiff Julio Cruz's individual claims. Dkt. No. 20. Cruz filed an opposition. Dkt. No. 23. The parties' familiarity with the record is assumed, and the claims in the complaint are referred to arbitration.

## BACKGROUND

The parties agree that they formed a bilateral agreement to arbitrate employment claims. Cruz does not dispute that he signed an arbitration agreement with Cambridge when he was hired as a maintenance technician in January 2019. Dkt. No. 20-1, Ex. 1. By accepting employment with Cambridge, Cruz agreed "to submit any and all previously unasserted claims, disputes, lawsuits or controversies arising out of or relating to his or her application or candidacy for employment, his or her employment, or the cessation of his or her employment to binding arbitration before a neutral and unbiased arbitrator." *Id.* ¶ 1. Cambridge, on its part, agreed "that any claims or causes of action that it asserts against an employee related to his or her employment as defined in paragraph 1 above will also be submitted to binding arbitration pursuant to the terms of this Agreement." *Id.* ¶ 6.

The arbitration agreement incorporates the American Arbitration Association (AAA) rules and expressly states that the arbitrator will decide questions of arbitrability. *Id.* ¶ 5 ("The

arbitrator will conduct the arbitration pursuant to the rules and procedures of the AAA and will have the authority to determine the time and place of hearing, issue subpoenas, decide arbitrability and timeliness issues, decide on discovery issues, preserve order and privacy in the hearing, rule on evidentiary and procedural matters, determine the close of hearing, and procedures for post-hearing submissions, and issue an award resolving the submitted disputes.").

## LEGAL STANDARDS

The Federal Arbitration Act (FAA) governs here. The FAA applies to contracts "evidencing a transaction involving commerce." 9 U.S.C. § 2. The Supreme Court has interpreted "involving commerce" "as the functional equivalent of the more familiar term 'affecting commerce'--words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power." *Citizens Bank v. Alafabco, Inc*., 539 U.S. 52, 56 (2003) (per curiam). Cambridge is in the stream of interstate commerce in that it employs maintenance technicians like Cruz to provide property management services to clients in California, Washington, Oregon, and Idaho. *See* Dkt. No. 20-1 ¶¶ 2-3.

The Court has discussed the governing standards under the FAA in several prior orders, which are incorporated here. *See, e.g.*, *Cornet v. Twitter, Inc.*, No. 3:22-cv-06857-JD, 2023 WL 187498, at *1 (N.D. Cal. Jan. 13, 2023); *Louis v. Healthsource Glob. Staffing, Inc.*, No. 22-cv-02436-JD, 2022 WL 4960666, at *2 (N.D. Cal. Oct. 3, 2022); *Williams v. Eaze Sols., Inc.*, 417 F. Supp. 3d 1233, 1238-39 (N.D. Cal. 2019). In pertinent part, the FAA's "overarching purpose ... is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). Under Section 4 of the FAA, the Court's role "is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). If the party seeking to compel arbitration establishes both factors, the district court "must order the parties to proceed to arbitration only in accordance with the terms of their agreement." *Id*. "Any doubts about the scope of arbitrable issues should be decided in favor of arbitration." *Williams*, 417 F. Supp. 3d at 1239; *see also Cornet*, 2023 WL 187498, at *1; *Louis*, 2022 WL 4960666, at *2.

Unless the parties provide otherwise, the validity and scope of an agreement to arbitrate are determined by the Court. *See Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1072 (9th Cir. 2013); *Alonso v. AuPairCare, Inc.*, No. 3:18-cv-00970-JD, 2018 WL 4027834, at *1 (N.D. Cal. Aug. 23, 2018). The validity inquiry usually involves a determination of whether the arbitration agreement is unenforceable because it is unconscionable. *See Concepcion*, 563 U.S. at 339.

Alternatively, parties may delegate "gateway" questions of arbitrability to an arbitrator. *See Cornet*, 2023 WL 187498, at *2. A delegation clause is enforceable when it manifests a clear and unmistakable agreement to arbitrate arbitrability, and is not invalid as a matter of contract law. See *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). Challenges to the validity of a delegation clause may be directed to (1) "the validity of the delegation clause itself," or (2) "the validity of the agreement to arbitrate or to the contract as a whole." *McLellan v. Fitbit, Inc.*, No. 3:16-cv-00036-JD, 2017 WL 4551484, at *1 (N.D. Cal. Oct. 11, 2017) (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 (2006)). "[T]he Court retains authority to determine any validity challenges directly addressed to delegation." *Alonso*, 2018 WL 4027834, at *1 (citing *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 72 (2010)). But "[i]f a party challenges the overall agreement to arbitrate, without specifically challenging the delegation clause, the questions of validity and enforceability will go to the arbitrator." *Id.* (citing *McLellan*, 2017 WL 4551484, at *1).

**DISCUSSION**

Cruz does not raise any contract formation challenges, and does not dispute that the arbitration agreement covers the claims in the complaint. Cruz's wage and hour claims, reimbursement claim, wage statement claim, meal and rest break claims, and derivative unfair business practices claim are all rooted in his employment relationship with Cambridge and consequently within the scope of the arbitration agreement. *See* Dkt. No. 1, Ex. 1; Dkt. No. 20-1, Ex. 1 ¶ 1.

Cruz's main objection is that the arbitration agreement is unconscionable. *See* Dkt. No. 23 at 3-10. Because the agreement has a delegation clause, *see* Dkt. No. 20-1, Ex. 1 ¶ 5, Cruz must

1 demonstrate that the clause is invalid or otherwise does not encompass his unconscionability claims in order to litigate in this forum.

He has not done so. The delegation clause expressly states that the arbitrator will decide arbitrability. *Id.* This is just the kind of language which establishes that "the parties clearly and unmistakably agreed to arbitrate the question of arbitrability." *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011); *see also Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1209 (9th Cir. 2016) (upholding delegation clause that provided arbitrators with "the authority to decide issues relating to the 'enforceability, revocability, or validity of the'" arbitration agreements).

The incorporation of the AAA rules in the arbitration agreement also "constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Brennan*, 796 F.3d at 1128; *see also McLellan*, 2017 WL 4551484, at *2-3 (incorporation of AAA rules in arbitration agreement "compels arbitration of arbitrability" under *Brennan*).

As for Cambridge's suggestion that the parties waived class or representative actions because they did not expressly consent to class arbitration, *see* Dkt. No. 20 at 15, the parties agreed to delegate such issues to the arbitrator for decision. *See* Dkt. No. 20-1, Ex. 1 ¶ 5; *Louis*, 2022 WL 4960666, at *2.

## CONCLUSION

The claims in the complaint are referred to arbitration, and any issues regarding enforceability or the scope of the arbitration are delegated to the arbitrator. "[A] district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074-75 (9th Cir. 2014). The case is dismissed.

**IT IS SO ORDERED.**

Dated: April 27, 2023

JAMES DONATO
United States District Judge

4